Lara P. Besser (SBN 282289)
Claudia Kozlowska (SBN 334487)
JACKSON LEWIS P.C.
225 Broadway, Suite 1800
San Diego, California 92101
Telephone: (619) 573-4900
Facsimile: (619) 573-4901
Lara.Besser@jacksonlewis.com
Claudia.Kozlowska@jacksonlewis.com

Attorneys for Defendants
LUMBEE TRIBE ENTERPRISES, LLC
and LUMBEE TRIBE HOLDINGS, INC.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW TURNQUIST, an individual<br><br>Plaintiff,<br><br>v.<br><br>LUMBEE TRIBE ENTERPRISES, LLC, a North Carolina limited liability company; LUMBEE TRIBE HOLDINGS, INC., a North California corporation and DOES 1 through 10, inclusive;<br><br>Defendants. | Case No.: 3:25-CV-01885-JLS-JLB<br><br>**ANSWER TO PLAINTIFF ANDREW TURNQUIST'S FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL**<br><br>District Judge: Janis L. Sammartino<br>Magistrate Judge: Jill L. Burkhardt<br><br>Complaint filed: July 25, 2025<br>Trial Date: Not Yet Set |

**TO THE HONORABLE COURT, PLAINTIFF ANDREW TURNQUIST, AND HIS ATTORNEYS OF RECORD:**

COMES NOW Defendants LUMBEE TRIBE ENTERPRISES, LLC and LUMBEE TRIBE HOLDINGS, INC. ("Defendants") by and through their attorneys and hereby state as follows for their answer and affirmative and other defenses to Plaintiff ANDREW TURNQUIST's ("Plaintiff") Frist Amended Complaint for Damages ("FAC") in the above-captioned matter.

/ / /

## AS TO "PRELIMINARY STATEMENT"

Answering Preliminary Statement of the FAC, all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

## AS TO "NATURE OF ACTION"

1.      Answering paragraph 1 of the FAC, 4, the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Lumbee Trial Enterprises, LLC is Plaintiff's former employer, and on that basis deny the allegation. Defendants deny that Lumbee Tribe Holdings, Inc. is Plaintiff's former employer.

2.      Answering paragraph 2 of the FAC, Defendants admit that Plaintiff worked at U.S. Marine Base Camp Pendleton in San Diego. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Lumbee Trial Enterprises, LLC is Plaintiff's former employer, and on that basis deny the allegation.

## AS TO "JURISDICTION"

3.      Answering paragraph 3 of the FAC, the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

4.      Answering paragraph 4 of the FAC, the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

5.      Answering paragraph 5 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that some unspecified "events in this matter took place at U.S. Marine Corp Base Camp Pendleton," and that they occurred on a federal enclave such that this Court has federal

ANSWER TO PLAINTIFF ANDREW TURNQUIST'S FIRST AMENDED COMPLAINT FOR DAMAGES
Case No. 3:25-cv-01885-JLS-JLB

enclave jurisdiction, and on said basis deny this allegation. The remaining allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

6.     Answering paragraph 6 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6, and on said basis deny each and every allegation of paragraph 6. The remaining allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

7.     Answering paragraph 7 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Lumbee Trial Enterprises, LLC is a North Carolina limited liability company with its principal place of business at 60 Union Chapel Road, Pembroke, NC 28372, and on that basis deny the allegation. The remaining allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

8.     Answering paragraph 8 of the FAC, Defendants admit that Lumbee Tribe Holdings, Inc. is a North Carolina corporation with its principal place of business at 60 Union Chapel Road, Pembroke, NC 28372. The remaining allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

9.     Answering paragraph 9 of the FAC, all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

10.     Answering paragraph 10 of the FAC, Defendants admit that Plaintiff's FAC seeks monetary relief but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10, and on said

basis deny each and every remaining allegation of paragraph 10. Further, some or all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

### AS TO "VENUE"

11.    Answering paragraph 11 of the FAC, Defendant are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11, and on said basis deny each and every remaining allegation of paragraph 11. Further, some or all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

12.    Answering paragraph 12 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Lumbee Trial Enterprises, LLC hired and employed Plaintiff, and on that basis deny the allegation. Defendants deny that Lumbee Tribe Holdings, Inc. hired Plaintiff. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Lumbee Trial Enterprises, LLC is Plaintiff's former employer, and on that basis deny the allegation. Further, some or all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

### AS TO "PARTIES"

13.    Answering paragraph 13 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13, and on said basis deny each and every remaining allegation of paragraph 13.

14.    Answering paragraph 14 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation  that

Lumbee Trial Enterprises, LLC is a North Carolina limited liability company with its principal place of business at 60 Union Chapel Road, Pembroke, NC 2837, and can be served through its Registered Agent, Heather L. Nakai, and on that basis deny the allegation.

15. Answering paragraph 15 of the FAC, Defendants admit that Lumbee Tribe Holdings, Inc. is a North Carolina corporation with its principal place of business at 60 Union Chapel Road, Pembroke, NC 28372, and can be served through its Registered Agent, Heather L. McMillan Nakai.

16. Answering paragraph 16 of the FAC, Defendants deny the allegation that Lumbee Trial Enterprises, LLC is wholly owned by Lumbee Tribe Holdings, Inc.

17. Answering paragraph 17 of the FAC, Defendants deny that Lumbee Trial Enterprises, LLC is listed as a subsidiary of Lumbee Tribe Holdings, Inc. Defendants admit the remaining allegations set forth in this paragraph 17.

18. Answering paragraph 18 of the FAC, Defendants deny that "LTE" is referred to in the FAC as "Defendant." In paragraph 1 of FAC, Plaintiff defines "LTE" as "Lumbee Trial Enterprises, LLC." Defendants admit that "LTH" is referred to in the FAC as "Defendant."

19. Answering paragraph 19 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph 19, and on this basis deny these allegations. Further, some or all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

20. Answering paragraph 20 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph 20, and on this basis deny these allegations. Further, some or all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore,

ANSWER TO PLAINTIFF ANDREW TURNQUIST'S FIRST AMENDED COMPLAINT FOR DAMAGES
Case No. 3:25-cv-01885-JLS-JLB

specifically denied.

## AS TO "FACTS"

21.    Answering paragraph 21 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21, namely that Plaintiff is currently an engineer, and on said basis deny each and every allegation of paragraph 21.

22.    Answering paragraph 22 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph 22, and on this basis deny these allegations.

23.    Answering Paragraph 23 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff was employed by LTE because, in paragraph 1 of FAC, Plaintiff defines "LTE" as "Lumbee Trial Enterprises, LLC." On this basis, Defendants deny each and every allegation contained in this paragraph.

24.    Answering Paragraph 24 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein because, in paragraph 1 of FAC, Plaintiff defines "LTE" as "Lumbee Trial Enterprises, LLC." On this basis, Defendants deny each and every allegation contained in this paragraph.

25.    Answering Paragraph 25 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein because, in paragraph 1 of FAC, Plaintiff defines "LTE" as "Lumbee Trial Enterprises, LLC." On this basis, Defendants deny each and every allegation contained in this paragraph.

26.    Answering Paragraph 26 of the FAC, the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure, and therefore are specifically denied.

/ / /

27.    Answering paragraph 27 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff served in the U.S Marines, and on said basis deny the allegation. Defendants deny that Plaintiff was employed by Lumbee Tribe Holdings, Inc.. Defendants admit that Plaintiff was employed by Lumbee Tribe Enterprises, LLC. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff was stationed at Camp Pendleton when he served in the U.S. Marines, and on said basis deny the allegation.

28.    Answering paragraph 28 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on said basis deny the allegations.

29.    Answering paragraph 29 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on said basis deny the allegations.

30.    Answering paragraph 30 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on said basis deny the allegations.

31.    Answering paragraph 31 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on said basis deny the allegations.

32.    Answering paragraph 32 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on said basis deny the allegations.

33.    Answering paragraph 33 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on said basis deny the allegations.

/ / /

34. Answering paragraph 34 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on said basis deny the allegations.

35. Answering Paragraph 35 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on said basis deny the allegations.

36. Answering paragraph 36 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on said basis deny the allegations.

37. Answering paragraph 37 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on said basis deny the allegations.

38. Answering paragraph 38 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on said basis deny the allegations.

39. Answering Paragraph 39 of the FAC, the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure, and therefore are specifically denied.

40. Answering Paragraph 40 of the FAC, the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure, and therefore are specifically denied.

41. Answering Paragraph 41 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41, and on said basis deny the allegations.

42. Answering Paragraph 42 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42, and on said basis deny the allegations.

/ / /

43.    Answering Paragraph 43 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43, and on said basis deny the allegations.

44.    Answering Paragraph 44 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44, and on said basis deny the allegations. Lumbee Tribe Enterprises, LLC has never employed an individual named "Brian Kreslic."

45.    Answering paragraph 45 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45, because, in paragraph 1 of FAC, Plaintiff defines "LTE" as "Lumbee Trial Enterprises, LLC," and Lumbee Tribe Enterprises, LLC has never employed an individual named "Brian Kreslic." On said basis, Defendants deny the allegations.

46.    Answering paragraph 46 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46, because, in paragraph 1 of FAC, Plaintiff defines "LTE" as "Lumbee Trial Enterprises, LLC," and Lumbee Tribe Enterprises, LLC has never employed an individual named "Brian Kreslic." On said basis, Defendants deny the allegations.

47.    Answering Paragraph 47 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47, and on that basis deny the allegation. Further, some or all the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure, and therefore are specifically denied.

48.    Answering paragraph 48 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48, and on that basis deny the allegation.

/ / /

49.     Answering paragraph 49 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49, and on that basis deny the allegation. Further, some or all the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure, and therefore are specifically denied.

50.     Answering paragraph 50 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50, and on said basis deny the allegations.

51.     Answering paragraph 51 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51, and on said basis deny the allegations. Further, some or all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

52.     Answering paragraph 52 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52, and on said basis deny each and every allegation of paragraph 52.

53.     Answering paragraph 53 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53, and on said basis deny each and every allegation of paragraph 53.

54.     Answering paragraph 54 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54, and on said basis deny each and every allegation of paragraph 54.

55.     Answering paragraph 55 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations

ANSWER TO PLAINTIFF ANDREW TURNQUIST'S FIRST AMENDED COMPLAINT FOR DAMAGES

Case No. 3:25-cv-01885-JLS-JLB

contained in paragraph 55, and on said basis deny each and every allegation of paragraph 55.

56.    Answering paragraph 56 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56, and on said basis deny each and every allegation of paragraph 56.

57.    Answering paragraph 57 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57, and on said basis deny each and every allegation of paragraph 57.

58.    Answering paragraph 58 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58, and on said basis deny each and every allegation of paragraph 58.

59.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59, and on said basis deny each and every allegation of paragraph 59.

60.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 60, and on said basis deny each and every allegation of paragraph 60.

61.    Answering paragraph 61 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61, and on said basis deny each and every allegation of paragraph 61. Further, some or all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

62.    Answering paragraph 62 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations

ANSWER TO PLAINTIFF ANDREW TURNQUIST'S FIRST AMENDED COMPLAINT FOR DAMAGES
Case No. 3:25-cv-01885-JLS-JLB

contained in Paragraph 62, and on said basis deny each and every allegation of paragraph 62. Further, some or all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

63.    Answering paragraph 63 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63, and on said basis deny each and every allegation of paragraph 63. Further, some or all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

64.    Answering paragraph 64 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64, and on said basis deny each and every allegation of paragraph 64. Further, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 64, and on said basis deny each and every allegation of paragraph 64.

65.    Answering paragraph 65 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65, and on said basis deny each and every allegation of paragraph 65. Further, some or all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

66.    Answering paragraph 66 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66, and on said basis deny each and every allegation of paragraph 66.

67.    Answering paragraph 67 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in paragraph 67, and on said basis deny each and every allegation of paragraph 67.

68.     Answering paragraph 68 of the FAC, Defendants admit the allegations contained herein.

69.     Answering paragraph 69 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69, and on said basis deny each and every allegation of paragraph 69.

70.     Answering paragraph 70 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70, and on said basis deny each and every allegation of paragraph 70.

71.     Answering paragraph 71 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71, and on said basis deny each and every allegation of paragraph 71.

72.     Answering paragraph 72 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72, and on said basis deny each and every allegation of paragraph 72. Further, some or all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

73.     Answering paragraph 73 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73, and on said basis deny each and every allegation of paragraph 73. Further, some or all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

74.    Answering paragraph 74 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74, and on said basis deny each and every allegation of paragraph 74.

75.    Answering paragraph 75 of the FAC, Defendants deny each and every allegation contained therein.

76.    Answering paragraph 76 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Caleb Malcolm was the Chief Executive Officer (CEO) of Lumbee Trial Enterprises, LLC, and on said basis deny this allegation. Defendants admit that in or about April/May 2022, Plaintiff had a phone conversation with Caleb Malcom where he discussed some alleged issues he had with Santiago. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that in or about May 2022, Plaintiff had a phone conversation with Director of Human Resources where he discussed some alleged issues he had with Santiago. On that basis, Defendants deny this allegation.

77.    Answering paragraph 77 of the FAC, are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, , and on said basis deny each and every allegation of paragraph 77.

78.    Answering paragraph 78 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78, and on said basis deny each and every allegation of paragraph 78.

79.    Answering paragraph 79 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79, and on said basis deny each and every allegation of paragraph 79. Further, some or all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

80.     Answering paragraph 80 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80, and on said basis deny each and every allegation of paragraph 80.

81.     Answering paragraph 81 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81, and on said basis deny each and every allegation of paragraph 80.

82.     Answering paragraph 82 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82, and on said basis deny each and every allegation of paragraph 82.

83.     Answering paragraph 83 of the FAC, Defendants deny that Plaintiff was excused from work on or about July 18, 2022. Beyond that, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 83, and on said basis deny each and every remaining allegation of paragraph 83.

84.     Answering paragraph 84 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84, and on said basis deny each and every allegation of paragraph 84.

85.     Answering paragraph 85 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85, and on said basis deny each and every allegation of paragraph 84.

86.     Answering paragraph 86 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86, and on said basis deny each and every allegation of paragraph

86.

87.     Answering paragraph 87 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87, and on said basis deny each and every allegation of paragraph 87.

88.     Answering paragraph 88 of the FAC, Defendants admit that Plaintiff was terminated on August 4, 2022. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Lumbee Trial Enterprises, LLC terminated Plaintiff, and on said basis deny the allegation. Further, some or all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

89.     Answering paragraph 89 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89, and on said basis deny each and every allegation of paragraph 89.

90.     Answering paragraph 90 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90, and on said basis deny each and every allegation of paragraph 90. Further, some or all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

91.     Answering paragraph 91 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91, and on said basis deny each and every allegation of paragraph 91.

92.     Answering paragraph 92 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in paragraph 92, and on said basis deny each and every allegation of paragraph 92.

93.    Answering paragraph 93 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93, and on said basis deny each and every allegation of paragraph 93.

94.    Answering paragraph 94 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94, and on said basis deny each and every allegation of paragraph 94.

95.    Answering paragraph 95 of the FAC, some or all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

96.    Answering paragraph 96 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96, and on said basis deny each and every allegation of paragraph 96.

97.    Answering paragraph 97 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97, and on said basis deny each and every allegation of paragraph 97.

98.    Answering paragraph 98 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98, and on said basis deny each and every allegation of paragraph 98.

99.    Answering paragraph 99 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations

ANSWER TO PLAINTIFF ANDREW TURNQUIST'S FIRST AMENDED COMPLAINT FOR DAMAGES

Case No. 3:25-cv-01885-JLS-JLB

contained in paragraph 99, and on said basis deny each and every allegation of paragraph 99.

100. Answering paragraph 100 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100, and on said basis deny each and every allegation of paragraph 100.

101. Answering paragraph 101 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101, and on said basis deny each and every allegation of paragraph 101.

102. Answering paragraph 102 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102, and on said basis deny each and every allegation of paragraph 102.

103. Answering paragraph 103 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103, and on said basis deny each and every allegation of paragraph 103.

104. Answering paragraph 104 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104, and on said basis deny each and every allegation of paragraph 104.

105. Answering paragraph 105 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105, and on said basis deny each and every allegation of paragraph 105.

106. Answering paragraph 106 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in paragraph 106, and on said basis deny each and every allegation of paragraph 106.

107.    Answering paragraph 107 of the FAC, some or all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

108.    Answering paragraph 108 of the FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108, and on said basis deny each and every allegation of paragraph 108.  Further, some or all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

## COUNT ONE

## RETALIATION 10 U.S.C. § 4701 (DCWPA)

### (By Plaintiff Against Defendants and Does 1-10)

109.    Answering paragraph 109 of Plaintiff's FAC, Defendants repeat, and incorporate by reference, each and every response contained in the above numbered paragraphs.

110.    Answering paragraph 110 of Plaintiff's FAC, all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

111.    Answering paragraph 111 of Plaintiff's FAC, all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

112.    Answering paragraph 112 of Plaintiff's FAC, all of the allegations contained in this paragraph are conclusions of law that do not require a responsive

pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

113.    Answering paragraph 113 of Plaintiff's FAC, all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

114.    Answering paragraph 114 of Plaintiff's FAC, all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

115.    Answering paragraph 115 of Plaintiff's FAC, all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

116.    Answering paragraph 116 of Plaintiff's FAC, all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

117.    Answering paragraph 117 of Plaintiff's FAC, all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

118.    Answering paragraph 118 of Plaintiff's FAC, all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

119.    Answering paragraph 119 of Plaintiff's FAC, all of the allegations contained in this paragraph are conclusions of law that do not require a responsive

pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

120.    Answering paragraph 120 of Plaintiff's FAC, all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

121.    Answering paragraph 121 of Plaintiff's FAC, all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

122.    Answering paragraph 122 of Plaintiff's FAC, all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

123.    Answering paragraph 123 of Plaintiff's FAC, all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

124.    Answering paragraph 124 of Plaintiff's FAC, all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

125.    Answering paragraph 125 of Plaintiff's FAC, all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

126. Answering paragraph 126 of the FAC, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's

allegations contained in paragraph 126, and on said basis denies the allegations of paragraph 126.

127. Answering paragraph 127 of the FAC, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations contained in paragraph 127, and on said basis denies the allegations of paragraph 127.

128. Answering paragraph 128 of Plaintiff's FAC, all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

129. Answering paragraph 129 of Plaintiff's FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 129, and on said basis deny each and every allegation of paragraph 129. Further, all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

130. Answering paragraph 130 of Plaintiff's FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 130, and on said basis deny each and every allegation of paragraph 130. Further, all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

131. Answering paragraph 131 of Plaintiff's FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 131, and on said basis deny each and every allegation of paragraph 131. Answering paragraph 131 of Plaintiff's FAC, all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically

1  denied.

2  **<u>COUNT TWO</u>**

3  **RETALIATION 41 U.S.C. § 4712 (NDAA)**

4  **(By Plaintiff Against Defendants and Does 1-10)**

5        132.   Answering paragraph 132 of Plaintiff's FAC, Defendant repeats, and

6  incorporates by reference, each and every response contained in the above numbered

7  paragraphs.

8        133.   Answering paragraph 133 of Plaintiff's FAC, all of the allegations

9  contained in this paragraph are conclusions of law that do not require a responsive

10  pleading under the Federal Rules of Civil Procedure and are, therefore, specifically

11  denied.

12        134.   Answering paragraph 134 of Plaintiff's FAC, all of the allegations

13  contained in this paragraph are conclusions of law that do not require a responsive

14  pleading under the Federal Rules of Civil Procedure and are, therefore, specifically

15  denied.

16        135.   Answering paragraph 135 of Plaintiff's FAC, all of the allegations

17  contained in this paragraph are conclusions of law that do not require a responsive

18  pleading under the Federal Rules of Civil Procedure and are, therefore, specifically

19  denied.

20        136.   Answering paragraph 136 of Plaintiff's FAC, all of the allegations

21  contained in this paragraph are conclusions of law that do not require a responsive

22  pleading under the Federal Rules of Civil Procedure and are, therefore, specifically

23  denied.

24        137.   Answering paragraph 137 of Plaintiff's FAC, all of the allegations

25  contained in this paragraph are conclusions of law that do not require a responsive

26  pleading under the Federal Rules of Civil Procedure and are, therefore, specifically

27  denied.

28  / / /

ANSWER TO PLAINTIFF ANDREW TURNQUIST'S FIRST AMENDED COMPLAINT FOR DAMAGES

Case No. 3:25-cv-01885-JLS-JLB

138.    Answering paragraph 138 of Plaintiff's FAC, all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

139.    Answering paragraph 139 of Plaintiff's FAC, all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

140.    Answering paragraph 140 of Plaintiff's FAC, all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

141.    Answering paragraph 141 of Plaintiff's FAC, all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

142.    Answering paragraph 142 of Plaintiff's FAC, all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

143.    Answering paragraph 143 of Plaintiff's FAC, all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

144.    Answering paragraph 144 of Plaintiff's FAC, all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

145.   Answering paragraph 145 of Plaintiff's FAC, all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

146.   Answering paragraph 146 of Plaintiff's FAC, Defendant admits that Plaintiff filed reprisal claim with the Department of Defense Office of Inspector General. The remaining allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

147.   Answering paragraph 147 of the FAC, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations contained in paragraph 147, and on said basis denies the allegations of paragraph 147.

148.   Answering paragraph 148 of the FAC, Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations contained in paragraph 148, and on said basis denies the allegations of paragraph 148.

149.   Answering paragraph 149 of Plaintiff's FAC, all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

150.   Answering paragraph 150 of Plaintiff's FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 150, and on said basis deny each and every allegation of paragraph 150. Further, all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

/ / /

ANSWER TO PLAINTIFF ANDREW TURNQUIST'S FIRST AMENDED COMPLAINT FOR DAMAGES

Case No. 3:25-cv-01885-JLS-JLB

151.    Answering paragraph 151 of Plaintiff's FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 151, and on said basis deny each and every allegation of paragraph 151. Further, all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

152.    Answering paragraph 152 of Plaintiff's FAC, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 152, and on said basis deny each and every allegation of paragraph 152. Further, all of the allegations contained in this paragraph are conclusions of law that do not require a responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

### AS TO "PRAYER FOR RELIEF"

1.    Answering paragraph 1 of Plaintiff's Prayer for Relief of the FAC, the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

2.    Answering paragraph 2 of Plaintiff's Prayer for Relief of the FAC, the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

3.    Answering paragraph 3 of Plaintiff's Prayer for Relief of the FAC, the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

4.    Answering paragraph 4 of Plaintiff's Prayer for Relief of the FAC, the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

5.    Answering paragraph 5 of Plaintiff's Prayer for Relief of the FAC, the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

## DEMAND FOR JURY TRIAL

The allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure and are, therefore, specifically denied.

## GENERAL DENIAL

Defendants deny all allegations not expressly admitted herein.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof not imposed by law, Defendants assert the following defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action)

The FAC as a whole and each and every purported cause of action alleged therein fails to state facts sufficient to constitute a claim against Defendants.

## SECOND AFFIRMATIVE DEFENSE

### (Just and Proper Exercise of Discretion)

Plaintiff's causes of action are barred in whole or in part because Defendants' actions were a just and proper exercise of its discretion and business judgment, which were undertaken for a fair and honest reason regulated by good faith under the circumstances then existing and there were good and sufficient lawful cause and reasons for any alleged actions that affected Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

### (Legitimate Business Reason)

Despite any alleged unlawful motive, which Defendants deny, Defendants would have made the same employment decision with respect to Plaintiff for legitimate business reasons.

/ / /

/ / /

/ / /

ANSWER TO PLAINTIFF ANDREW TURNQUIST'S FIRST AMENDED COMPLAINT FOR DAMAGES

Case No. 3:25-cv-01885-JLS-JLB

## FOURTH AFFIRMATIVE DEFENSE

### (Mixed Motive)

Plaintiff's causes of action are barred in whole or in part because, assuming arguendo, that retaliatory or harassing reasons had been a motivating factor in any decisions concerning Plaintiff, which Defendant denies, Defendant would have made the same decisions toward Plaintiff in any case for legitimate, or non-retaliatory and non-harassing.

## FIFTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

Recovery on Plaintiff's causes of action is limited or subject to an absolute bar as to recoverable damages based on after-acquired evidence that Defendants have presently and/or may acquire during the course of this litigation.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies and Prerequisites)

Certain of Plaintiff's claims are barred because he failed to exhaust his administrative remedies and/or comply with the relevant administrative requirements.

## SEVENTH AFFIRMATIVE DEFENSE

### (Exceeds Scope of Administrative Charge)

Plaintiff's cause of action brought under the 2013 National Defense Authorization Act ("NDAA") (41 U.S.C. § 4712) is barred as it goes beyond the scope of the administrative complaint. Plaintiff's cause of action brought under the Defense Contractor Whistleblower Protection Act ("DCWPA") (10 U.S.C. § 4701) is barred to the extent that Plaintiff's allegations exceed the scope of his charges filed with the Department of Defense Office of Inspector General.

## EIGHTH AFFIRMATIVE DEFENSE

### (Employment At-Will)

Plaintiff's causes of action are barred in whole or in part because Plaintiff was Defendants' employee at-will, his work was not governed by an oral, written or implied

contract, and therefore, he could be discharged with or without notice and with or without cause at any time pursuant to California Labor Code section 2922.

## NINTH AFFIRMATIVE DEFENSE

### (Employment Would Have Ceased)

Plaintiff's FAC is barred, in whole or in part, because Defendants would have discharged Plaintiff if he had continued to work and Plaintiff's alleged complaints, and/or other alleged protected activity was not a reason for his discharge.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Utilize Preventive Opportunities)

As a separate and affirmative defense to Plaintiff's FAC and to every cause of action alleged therein, Defendants allege that at all times relevant hereto, Defendants exercised reasonable care to prevent and correct promptly any purportedly harassing and/or retaliatory behavior, and to the extent Plaintiff unreasonably failed to take advantage of any preventive and/or corrective opportunities provided by Defendants or to avoid harm otherwise, Plaintiff's claims are barred.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Ratification)

As a separate and affirmative defense to Plaintiff's FAC and to every cause of action alleged therein, Defendants alleges that some or all of Plaintiff's claims are barred because the alleged conduct complained of by Plaintiff was done by persons or entities other than Defendants and that  at all times, said persons or entities acted without the consent, authorization, knowledge, or ratification of Defendants with regard to the acts as alleged in the FAC.

## TWELFTH AFFIRMATIVE DEFENSE

### (Outside the Scope)

As a separate and affirmative defense to Plaintiff's FAC and to every cause of action alleged therein, Defendants allege that, to the extent any alleged harassment and/or retaliation occurred, which Defendants deny, any alleged harassment and/or retaliation

committed by any employees or agents of Defendants was outside the scope and course their respective working relationship with Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Claim Preclusion, Issue Preclusion, Collateral Estoppel)

Plaintiff's causes of action are barred in whole or in part by the doctrines of claim preclusion and issue preclusion, or collateral estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Release and Waiver)

Plaintiff's causes of action are barred in whole or in part because they have been released or waived.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's claims are barred by the applicable statute of limitations.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Unavailable)

Defendant exercised reasonable care and acted in good faith in its efforts to comply with applicable laws and regulations. Defendants cannot be held liable for punitive damages because of its good-faith efforts, and any action by any employee contrary to Defendants' efforts, was in violation of their policies and procedures.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

Plaintiff's claim for punitive damages is barred in whole or in part because Defendant did not act with malice, oppression, or fraud, and imposing punitive damages would be unconstitutional.

/ / /

/ / /

/ / /

/ / /

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

As a separate affirmative defense, Defendants allege that any injury, damage, or loss, if any sustained by Plaintiff, was aggravated by Plaintiff's failure to use reasonable diligence to mitigate and minimize the same which must thereby be reduced.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Offset/Set Off)

Defendants are entitled to an offset against Plaintiff's alleged damages by any amounts Plaintiff earned or should have earned in the exercise of reasonable diligence and by any and all other amounts of damages Plaintiff allegedly suffered because of his failure to mitigate his damages.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Workers' Compensation Exclusivity)

To the extent that Plaintiff seeks recovery for physical or emotional injury based on alleged work-related conduct that neither contravenes fundamental public policy nor exceeds the risk inherent in their relationship, such recovery is barred by California Labor Code sections 3600, 3601, 3602, et seq., which provide that the exclusive remedy for these alleged injuries is an action or claim under the Workers' Compensation Act.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Doctrine of Laches)

As a separate affirmative defense, Defendants allege that Plaintiff has unreasonably delayed in bringing this action to the prejudice of Defendants and Plaintiff's claims are therefore barred, in whole or in part, by the doctrine of laches.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

As a separate and affirmative defense to Plaintiff's FAC and to every cause of action alleged therein, Defendants are informed and believe, and based upon such information and belief allege, that Plaintiff has or had unclean hands with respect to the

matters alleged in his FAC, and on that ground, is barred from recovering any relief on her FAC.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Breach of Obligations)

As a separate and affirmative defense to Plaintiff's FAC and to every cause of action alleged therein, Defendants allege that the FAC is barred and/or the alleged damages must be reduced, in whole or in part, because Plaintiff breached his obligations to Defendants.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Apportionment)

As a separate and affirmative defense to Plaintiff's FAC and to every cause of action alleged therein, Defendants allege that if Plaintiff sustained any loss under the circumstances alleged in the FAC, which is denied, Defendants are liable only for that portion of damages, if any, that corresponds to Defendants' degree of alleged fault or responsibility, and Defendants are not liable for damages attributable to the responsibility, negligence or fault of Plaintiff or of any other person or entity, whether named or unnamed in the FAC.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Willfulness or Knowing and Intentional Conduct)

As a separate and affirmative defense to Plaintiff's FAC and to every cause of action alleged therein, Defendants allege that Plaintiff's claims are barred, in whole or in part, because Defendants' conduct was not willful, nor was its conduct knowing and intentional.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

As a separate affirmative defense to Plaintiff's FAC, Defendant asserts that Plaintiff would be unjustly enriched if he is awarded the relief he seeks, and such relief is therefore barred.

### TWENTY- SEVENTH AFFIRMATIVE DEFENSE

### (No Liability for Acts of Others)

As a separate affirmative defense, Defendants allege that, without admitting any allegation of the FAC, some of the acts, actions and activities, as alleged, were committed, if at all, by independent, non-affiliated persons who were not acting on behalf of, or within the course and scope of any relationship with Defendants during the time referred to in the FAC.

### TWENTY- EIGHTH AFFIRMATIVE DEFENSE

### (No Attorneys' Fees)

As a separate and affirmative defense to Plaintiff's FAC and to every cause of action alleged therein, Defendants allege that said FAC fails to allege complaints sufficient to allow recovery of attorneys' fees from Defendants.

### TWENTY- NINTH AFFIRMATIVE DEFENSE

### (Plaintiff's Misconduct)

Plaintiff's claims are barred, in whole or in part, by his own misconduct.

### THIRTIETH THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Overlapping and/or Duplicative Claims)

To the extent that Plaintiff has asserted overlapping and/or duplicative claims, Plaintiff may not recover more than once for the same injury.

### RESERVATION

Defendants have no independent knowledge, as of the filing of this Answer, of the facts allegedly constituting all causes of action or claims in Plaintiff's FAC, and based thereon, hereby respectfully reserve their right to amend this Answer to include those affirmative defenses that are revealed during the course of discovery and requests leave of court to the extent necessary to do so.

**WHEREFORE**, having fully answered and responded to the allegations contained in Plaintiff's FAC, Defendants respectfully request that:

(a)     Plaintiff's claims be dismissed, with prejudice, in their entirety;

1   (b)    Every prayer for relief contained in the Plaintiff's FAC be denied;

2   (c)    Judgment be entered in favor of Defendants;

3   (d)    All costs, including reasonable attorneys' fees, be awarded to Defendants

4       and against Plaintiff pursuant to applicable laws; and

5   (e)    Defendants be granted such other relief as this Court may deem just and

6       proper.

### DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury in the above-entitled matter.

DATED:  September 26, 2025      JACKSON LEWIS P.C.

            By:_____*s/ Claudia Kozlowska*_____

               Lara P. Besser
               Claudia Kozlowska

               Attorneys for Defendants
               LUMBEE TRIBE ENTERPRISES, LLC
               and LUMBEE TRIBE HOLDINGGS, INC.