Lara P. Besser (SBN 282289)
Claudia Kozlowska (SBN 334487)
JACKSON LEWIS P.C.
225 Broadway, Suite 1800
San Diego, California 92101
Telephone:  (619) 573-4900
Facsimile:   (619) 573-4901
Lara.Besser@jacksonlewis.com
Claudia.Kozlowska@jacksonlewis.com

Attorneys for Defendant
LUMBEE TRIBE ENTERPRISES

Jan T. Aune (SBN 236604)
THE LAW OFFICE OF JAN T. AUNE
2600 West Olive Avenue, Suite 500
Burbank, California 91505
Telephone: 818-238-7483
Facsimile: 626-226-5677
Email: jaune@aunelaw.com

Attorney for Plaintiff
ANDREW TURNQUIST

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW TURNQUIST, an individual<br><br>Plaintiff,<br><br>V.<br><br>LUMBEE TRIBE ENTERPRISES, LLC, a North Carolina limited liability company; LUMBEE TRIBE HOLDINGS, INC., a North California corporation and DOES 1 through 10, inclusive;<br><br>Defendants. | Case No.:   3:25-CV-01885-JLS-JLB<br><br>**JOINT RULE 26(f) REPORT AND DISCOVERY PLAN**<br><br>District Judge:  Janis L. Sammartino<br>Magistrate Judge:  Jill L. Burkhardt<br>Complaint filed:  July 25, 2025<br>Trial Date:  Not Yet Assigned |

Plaintiff ANDREW TURNQUIST ("Plaintiff") and Defendant LUMBEE TRIBE ENTERPRISES ("Defendant" or "LTE")) and Defendant LUMBEE TRIBE HOLDINGS, INC. ("LTH") (collectively, the "Parties") hereby submit their Joint Rule 26(f) Report and Discovery Plan, after conferring on Tuesday, October 14, 2025.

### 1. STATEMENT OF THE CASE

**Plaintiff's Position**

Defendants violated the Defense Contractor Whistleblower Protection Act ("DCWPA") and the National Defense Authorization Act, ("NDAA") when they retaliated against Plaintiff and wrongfully terminated him because he complained about being assaulted and battered by U.S. Department of Defense ("DoD") employee William Santiago.

Mr. Santiago is a civil service employee who worked at the same location with Plaintiff based upon a federal contract between the DoD and LTE. Plaintiff reported violations of California Penal Code and Federal law when he reported to both LTE and the DoD that he was being continually harassed by Santiago, and then was assaulted on one occasion, and battered on another occasion.

In addition, Mr. Santiago had harassed and physically struck another DoD employee prior to Plaintiff beginning work at Camp Pendleton for LTE.

Plaintiff was retaliated against by LTE and LTH because he disclosed to LTE and DoD a violation of law, rule, or regulation related to a federal contract, and gross mismanagement of a federal contract (10 U.S.C § 4701, and 10 U.S.C. § 4712).

LTE's claim that it terminated Plaintiff for bringing unauthorized equipment into the Department of Defense Laboratory ("Lab") is pretextual. Plaintiff brought the DVD Reader/Writer into the Lab months before his termination. In addition, the DVD Reader/Writer was placed on Plaintiff's desk on a daily basis in clear view of all employees. Finally, Plaintiff brought his own DVD Reader Writer into the Lab because there were issues with accessing a DVD Reader Writer that was in a safe next to Mr. Santiago's desk.

///

**Defendants' Position**

Defendants categorically deny that they violated the Defense Contractor Whistleblower Protection Act ("DCWPA") or the National Defense Authorization Act ("NDAA"). Plaintiff was not retaliated against, nor was he wrongfully terminated. Rather, Plaintiff's employment ended for legitimate, non-retaliatory business reasons wholly unrelated to any alleged protected activity.

Plaintiff was terminated by LTE for bringing unauthorized equipment into a highly secured Department of Defense laboratory, in violation of Department of the Navy security regulations and the of the United States Department of Defense ("DoD") Contract Security Classification Specification requirements designed to protect classified government information and safeguard national security.

Mr. William Santiago, the alleged "bad actor," is a civil service employee of DoD and has never been an employee, agent, or representative of Defendants. Accordingly, Defendants had no authority to hire, discipline, or terminate Mr. Santiago, nor can they be held responsible for his alleged conduct.

When Plaintiff raised concerns to LTE regarding Mr. Santiago in or around April 2022, LTE promptly addressed his complaint, initiated an internal investigation—which did not find evidence corroborating Plaintiff's allegations—and ensured that his employment was protected throughout the process. LTE provided DoD with a summary of its internal findings from interviews with LTE employees. Following that discussion, DoD officials confirmed that a command-driven investigation into Plaintiff's allegations had been initiated. During this time, LTE consistently expressed support for Plaintiff's welfare and working conditions and made available various resources, including the Employee Assistance Program and company-sponsored health services. LTE did not terminate Plaintiff's employment until August 2022, after the company had learned and confirmed that he had brought an unauthorized electronic device into a secure computer lab. LTE is contractually and legally obligated to immediately address any conduct that poses a threat to classified information. Bringing unauthorized equipment into a secure facility

constitutes such a threat. Plaintiff's actions placed classified information at risk. Accordingly, LTE lawfully terminated Plaintiff's employment for materially violating security procedures in a classified environment.

Moreover, the DoD conducted a whistleblower reprisal investigation under section 4701, title 10, United States Code into Plaintiff's allegations and found no evidence of wrongdoing or any violation of law, rule, or regulation. Plaintiff's claims against Defendants are unsupported by the evidence and are contrary to the findings of the federal agency.

It needs to be noted that Defendant Lumbee Tribe Holdings, Inc. ("LTH") has not and never has employed Plaintiff. Plaintiff's claims against LTH are therefore misplaced and unsupported by any employment relationship.

Defendants at all times acted lawfully and appropriately in their business decisions concerning Plaintiff's employment. The record will show that Plaintiff was treated fairly and terminated for legitimate business reasons, not in retaliation for any protected disclosure or activity.

## 2. **LEGAL ISSUES**

Principal issues to be adjudicated in this matter include, without limitation, the following:

1. Whether Defendant violated the Defense Contractor Whistleblower Protection Act (DCWPA).

2. Whether Defendant violated the National Defense Authorization Act (NDAA).

3. Whether Defendant cause of action for the violation of the National Defense Authorization Act (NDAA) is barred as it goes beyond the scope of the administrative complaint Plaintiff filed with the Department of Defense Office of Inspector General.

4. Whether Defendant's wrongful conduct caused Plaintiff emotional distress and/or physical distress; and

5. Whether Defendant's wrongful conduct caused Plaintiff damages.

6. Whether Plaintiff is barred from recovering under the cause of action for the violation of the National Defense Authorization Act or Defense Contractor Whistleblower Protection Act because they are overlapping and/or duplicative claims, and Plaintiff may not recover more than once for the same injury.

The Parties anticipate evidentiary issues in this case. Due to the federal government shutdown, the Office of Inspector General employees have been furloughed, and the Parties are not certain when they will be able to obtain unredacted version of the report prepared by the Office of Inspector General. Further, the alleged "bad actor" in this matter, Wilfred Santiago, and some of the alleged witnesses, are likely still employed by the U.S. Department of Defense.

### 3. DAMAGES

**Plaintiff's Position**

Under the DCWPA and NDAA, Plaintiff has a right to reinstatement or front pay, back pay (lost wages), compensatory damages, and attorney's fees and costs. Plaintiff found new employment in the state of Colorado in October 2022, approximately two (2) months after he was terminated by LTE. Plaintiff earns more at his new employer than he did at LTE. It appears Plaintiff's damages for lost wages would stop once he began new employment in Colorado in October 2022. From the beginning of Plaintiff's new employment in October 2022 his annual salary was approximately $155,000. Plaintiff's annual salary at LTE at the time of his termination was approximately $105,000.

Plaintiff is still claiming lost benefits for any benefits at LTE that were more than what he is receiving at his new employer.

Plaintiff is claiming severe emotional distress damages based upon Plaintiff being retaliated against and wrongfully terminated. In addition, in order to take the new employment position in Colorado, Plaintiff sold his home in Temecula, California and moved his wife and two adult children to Colorado.

Plaintiff will also be claiming attorney's fees and costs.

///

**Defendants' Position**

Defendants deny that Plaintiff is entitled to any judgment against it, either for damages or for any other relief sought in this action.

### 4. INSURANCE

**Plaintiff's Position**

Plaintiff does not have any insurance relating to this litigation.

**Defendant's Position**

Defendants maintain an insurance policy, which may provide coverage for one or more of Plaintiff's claims in this lawsuit.

### 5. MOTIONS

Defendants intend to file motion for summary judgment or summary adjudication. The Parties will bring discovery motions only as necessary and will meet and confer regarding potential motions *in limine* once issues for such motions have been identified.

#### A. Motion Cut-Off Date

Please see Exhibit A.

### 6. COMPLEXITY

This case does not qualify as complex for purposes of the Manual for Complex Litigation.

### 7. STATUS OF DISCOVERY

The Parties have not yet conducted any formal discovery. The Parties have stipulated to exchange initial disclosures pursuant to Rule 26(a) and Order Resetting Early Neutral Evaluation and Case Management Conferences to December 1, 2025 [Doc. 13], based on information reasonably available to them, on November 17, 2025.

### 8. DISCOVERY PLAN

#### a. Initial Disclosures

The Parties anticipate serving initial disclosures pursuant to Rule 26(a) and their stipulation referenced above (Section 7) on or before November 17, 2025.

///

**b.     Proposed Discovery Cut-Off**

Please see Exhibit A.

**c.     Plaintiff's Expected Discovery**

Plaintiff's discovery includes, but is not limited to:

- Evidence of violations of the DCWPA and NDAA by Defendants;
- Evidence of Plaintiff's damages;
- Plaintiff plans to take the FRCP Rule 30(b)(6) deposition of LTE's person most knowledgeable;
- Plaintiff plans to take a deposition(s) of non-party DoD's employees relating to the events in this litigation, and who have knowledge of the contract or contracts that LTE has entered into with the DoD for work at Camp Pendleton;
- Plaintiff plans to serve FRCP Rule 45 deposition subpoena(s) for production of documents on the DoD for discovery related to the events in this litigation;

**d.     Defendants' Expected Discovery**

Defendants' discovery includes, but is not limited to:

- Evidence of the alleged violation of the Defense Contractor Whistleblower Protection Act (DCWPA) and the National Defense Authorization Act (NDAA) by Defendant;
- Evidence of Plaintiff's alleged damages; and
- Evidence of Plaintiff's mitigation efforts to date.

Defendant Lumbee Tribe Holdings, Inc. ("LTH") has never employed Plaintiff. Plaintiff's attempt to conduct discovery involving LTH is therefore improper.

**e.     Changes Regarding Limitations on Discovery**

The Parties intend to enter into a stipulated Protective Order with respect to this case.

Regarding ESI, the Parties do not anticipate that this matter will necessitate ESI. However, if during the discovery process, ESI becomes necessary, the Parties agree to produce documents as they are kept in the usual course of business. The Parties will meet and confer to reach an agreement as to relevant custodians and search terms. The Parties

also agree to share in any ESI costs.

## 9. EXPERT DISCOVERY

Please see Exhibit A.

## 10. DISPOSITIVE MOTIONS

Defendants intend to file motion for summary judgment or summary adjudication.

## 11. ALTERNATIVE DISPUTE RESOLUTION ("ADR")

The Parties are not willing to submit to early private mediation should the Early Neutral Evaluation prove unsuccessful. Defendants are willing to consider submitting to mediation as the litigation progresses, subject to Plaintiff's reasonable settlement demand.

## 12. SETTLEMENT EFFORTS

The Department of Defense requires the use of Alternative Dispute Resolution (ADR). The Parties participated in mediation in or about September 2023, but the process did not result in a resolution.

## 13. PRELIMINARY TRIAL ESTIMATE

The Parties request 3-5 days for trial.

## 14. TRIAL COUNSEL

- Plaintiff's trial counsel will be Jan T. Aune, Esq.
- Defendants' trial counsel will be Lara P. Besser, Esq. and Claudia Kozlowska, Esq.

## 15. INDEPENDENT EXPERT OR MASTER

The Parties agree that the appointment of a master or an independent scientific expert is not necessary at this time.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## 16. OTHER ISSUES

The Parties agree that there are currently no other issues.

DATED: November 10, 2025            THE LAW OFFICE OF JAN T. AUNE


                                    By: *s/ Jan T. Aune*
                                         Jan T. Aune

                                    Attorney for Plaintiff
                                    ANDREW TURNQUIST


DATED: November 10, 2025            JACKSON LEWIS P.C.

                                    By: *s/ Claudia Kozlowska*
                                         Lara P. Besser
                                         Claudia Kozlowska

                                    Attorneys for Defendant
                                    LUMBEE TRIBE ENTERPRISES

# EXHIBIT A

PROPOSED SCHEDULE OF PRETRIAL AND TRIAL DATES

**Case Name:** ANDREW TURNQUIST v. LUMBEE TRIBE ENTERPRISES, LLC; LUMBEE TRIBE HOLDINGS, INC.

**Case No.:** 3:25-CV-01885-JLS-JLB

| **Matter** | **Tentative Deadline Set by The Court** | **Parties' Request** |
|---|---|---|
| The date by which any motion for entry of a stipulated protective order governing discovery shall be filed: | December 5, 2025 | December 5, 2025 |
| The date by which any motion to amend pleadings and/or add parties shall be filed: | December 19, 2025 | December 19, 2025 |
| Deadline to serve written discovery requests: | February 27, 2026 | The Parties respectfully request that the deadline to serve the written discovery requests be dependent on the fact discovery cut-off |
| Completion of fact discovery: | April 24, 2026 | Given the predicted issues related to the impact of the government shutdown on the operations of the Department of Defense, the Parties are going to require more time:<br><br>July 24, 2026 |
| The date by which experts shall be designated in writing: | May 22, 2026 | August 21, 2026 |
| The date by which rebuttal experts shall be exchanged: | June 5, 2026 | September 4, 2026 |
| The date by which parties shall comply with Rule 26(a)(2)(A) and (B) disclosure provisions (initial expert reports): | July 10, 2026 | October 9, 2026 |
| The date by which disclosures regarding contradictory or rebuttal evidence shall | July 24, 2026 | October 30, 2026 |

| | | |
|---|---|---|
| be supplemented (rebuttal expert reports): | | |
| Completion of expert discovery: | August 21, 2026 | November 20, 2026 |
| The date for the Mandatory Settlement Conference: | September 1, 2026 | December 1, 2026 |
| The date by which dispositive motions shall be filed: | September 18, 2026 | December 18, 2026<br>Plaintiff: October 18, 2026 |
| The date for the Pre-Trial Conference before the district judge assigned to the case: | January 21, 2027 | April 21, 2027<br>Plaintiff: January 21, 2027 |